USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/28/12

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

U.S. COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

v.

MBF CLEARING CORP.,
A New York limited liability company,

Defendant.

Docket No. 12 Civ. 1830 (SAS)

**CONSENT ORDER FOR PERMANENT INJUNCTION, CIVIL MONETARY PENALTY, AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT MBF CLEARING CORP.**

## I. INTRODUCTION

On March 12, 2012, plaintiff U.S. Commodity Futures Trading Commission (the "Commission") filed a Complaint against Defendant MBF Clearing Corp. ("MBF" or "Defendant") seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 1 *et seq.* (2006), the Act, as amended, to be codified at 7 U.S.C. §§ 1 *et seq.*, and the Commission's Regulations (the "Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2012).

## II. CONSENTS AND AGREEMENTS

To effect settlement of all charges alleged in the Complaint against MBF without a trial on the merits or any further judicial proceedings, Defendant:

1. Consents to the entry of this Consent Order for Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief Against Defendant MBF ("Consent Order");

2. Affirms that it has read and agreed to this Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the Commission

or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Consent Order;

3. Acknowledges service of the summons and Complaint;

4. Admits the jurisdiction of this Court over MBF and the subject matter of this action pursuant to Section 6c of the Act, as amended, 7 U.S.C. § 13a-1;

5. Admits the jurisdiction of the Commission over the conduct at issue in this action pursuant to the Act, 7 U.S.C. §§ 1, *et seq.*;

6. Admits that venue properly lies with this Court pursuant to Section 6c(e) of the Act, as amended, 7 U.S.C. § 13a-1(e);

7. Waives:

(a) any and all claims that MBF may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. §§ 148.1 *et seq.* (2012), relating to, or arising from, this action;

(b) any and all claims that MBF may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, §§ 201-253, 110 Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to, or arising from, this action;

(c) any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

(d) any and all rights of appeal from this action;

8. Consents to the continued jurisdiction of this Court over MBF and its successors for the purpose of implementing and enforcing the terms and conditions of this Consent Order and for any other purpose relevant to this action, even if MBF now or in the future resides outside the jurisdiction of this Court;

9. Agrees that MBF will not oppose enforcement of this Consent Order by alleging that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waives any objection based thereon;

10. Agrees that neither MBF nor any of its agents or employees under MBF's authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or Conclusions of Law in this Consent Order, or creating or tending to create the impression that the Complaint and/or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect their: (a) testimonial obligations, or (b) right to take legal positions in other proceedings to which the Commission is not a party. MBF shall undertake all steps necessary to ensure that all of its agents and/or employees under MBF's authority or control understand and comply with this agreement; and

11. By consenting to the entry of this Consent Order, MBF neither admits nor denies the allegations of the Complaint and Conclusions of Law in this Consent Order, except as to jurisdiction and venue, which Defendant admits. MBF agrees and intends that the allegations contained in the Complaint and all of the Conclusions of Law contained in this Consent Order shall be taken as true and correct and be given preclusive effect, without further proof, in the course of: (a) any current or subsequent bankruptcy proceeding filed by, on behalf of, or against MBF; (b) any proceeding pursuant to Section 8a of the Act, as amended, 7 U.S.C. § 12a, and/or

Part 3 of the Regulations, 17 C.F.R. §§ 3.1 *et seq.* (2012); and/or (c) any proceeding to enforce the terms of this Consent Order.

12. MBF does not consent to the use of the allegations of the Complaint and Conclusions of Law in this Consent Order as the sole basis for any other proceeding brought by the Commission other than in a proceeding to enforce the terms of this Consent Order.

13. Agrees to provide immediate notice to this Court and the Commission by certified mail, in the manner required by paragraph 30 of Part VI of this Consent Order, of any bankruptcy proceeding filed by, on behalf of, or against it, whether inside or outside the United States; and

14. Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against MBF in any other proceeding.

## III. CONCLUSIONS

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay. The Court therefore directs the entry of the following Conclusions of Law, permanent injunction and equitable relief pursuant to Section 6c of the Act, as amended, 7 U.S.C. § 13a-1, as set forth herein.

**THE PARTIES AGREE AND THE COURT HEREBY FINDS:**

15. Plaintiff Commodity Futures Trading Commission is an independent federal regulatory agency that is charged by Congress with administering and enforcing the Act, as amended, 7 U.S.C. §§ 1 *et seq.*, and the Regulations promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2012).

16. MBF Clearing Corp. is and was at all relevant times a registered FCM located at One North End Ave., Suite 1201, New York. MBF has been continuously registered with the Commission as an FCM since December 16, 1987, and as a registered notice broker dealer since May 3, 2002.

17. This Court has jurisdiction over this action pursuant to Section 6c of the Act, as amended, 7 U.S.C. § 13a-1, which provides that whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order promulgated thereunder, the Commission may bring an action in the proper district court of the United States against such person to enjoin such act or practice, or to enforce compliance with the Act, or any rule, regulation or order thereunder.

18. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, as amended, 7 U.S.C. § 13a-1(e), because MBF is found in, inhabits and/or transacts or has transacted business in this District, and defendant's acts and practices in violation of this Act occurred, are occurring, and/or are about to occur within this District.

19. Section 4d(a)(2) of the Act, as amended, to be codified at 7 U.S.C.§ 6d(a)(2), makes it unlawful for an FCM to solicit or accept orders for the purchase or sale of any commodity for future delivery, or involving any contracts of sale of any commodity for future delivery, on or subject to the rules of any contract market unless such person shall treat and deal with all money, securities, and property received by such person to margin, guarantee, or secure the trades or contracts of any customer of such person, or accruing to such customer as the result of such trades or contracts, as belonging to such customer. Regulation 1.20(a), 17 C.F.R. § 1.20(a) (2012), requires that all customer funds be separately accounted for and segregated as

belonging to commodity or option customers and deposited under an account name which clearly identifies them as such and shows that they are segregated as required by the Act and Regulations. Regulation 1.26(a), 17 C.F.R. § 1.26(a) (2012), further provides that FCMs who invest customer funds in money market funds must deposit those funds "under an account name which clearly shows that they belong to commodity or option customers and are segregated as required by the Act and this part." By the conduct described in the Complaint, MBF violated Section 4d(a)(2) of the Act, as amended, to be codified at 7 U.S.C. § 6d(a)(2), and Regulations 1.20(a) and 1.26(a), 17 C.F.R. §§ 1.20(a), 1.26(a) (2012).

20. Regulation 1.25, 17 C.F.R. § 1.25 (2012), authorizes FCMs to invest customer funds in certain permitted investments, including money market funds, subject to certain terms and conditions. In the case of money market funds, the Regulations require that the fund "shall be legally obligated to redeem an interest and to make payment in satisfaction thereof by the business day following a redemption request, and a futures commission merchant . . . shall retain documentation demonstrating compliance with this requirement." Regulation 1.25(c)(5)(i), 17 C.F.R. § 1.25(c)(5)(i) (2012). By the conduct described in the Complaint, MBF violated Regulation 1.25 (2012).

21. Regulation 1.49(e)(1), 17 C.F.R. § 1.49(e)(1) (2012), requires that each FCM must, at the close of each business day, hold in segregated accounts on behalf of commodity customers sufficient United States dollars, held in the United States, to meet all United States dollar obligations. By the conduct described in the Complaint, MBF violated Regulation 1.49(e)(1) (2012).

22. Regulation 1.10(d)(1)(v), 17 C.F.R. § 1.10(d)(1)(v) (2012), requires, in part, that an FCM must file a Form 1-FR that includes a "statement of segregation requirements and funds

in segregation for customers trading on U.S. commodity exchanges." Regulation 1.10(d)(1)(vi), 17 C.F.R. § 1.10(d)(1)(vi) (2012), further requires an FCM to submit "such further material information as may be necessary to make the required statements and schedules not misleading." By the conduct described in the Complaint, MBF violated Regulation 1.49(e)(1) (2012).

23. Regulation 1.20(a), 17 C.F.R. § 1.20(a) (2012), requires FCMs to obtain and retain in their files a written acknowledgement from each depository that the depository was informed that the customer funds deposited therein are those of commodity or option customers and are being held in accordance with the provisions of the Act and Regulation 1.20. By the conduct described in the Complaint, MBF violated Regulation 1.20(a) (2012).

24. Regulation 30.7(c)(2), 17 C.F.R. § 30.7(c)(2) (2012), requires FCMs to obtain and retain in their files a written acknowledgement from each depository that the depository was informed that the customer funds deposited therein are those of foreign futures and foreign options customers and are being held in accordance with the provisions of the Act and Regulation 30.7. By the conduct described in the Complaint, MBF violated Regulation 30.7(c)(2) (2012).

25. Regulation 166.3, 17 C.R.F. § 166.3 (2012), requires each Commission registrant, except an AP who has no supervisory duties, to diligently supervise the handling of all commodity interest accounts carried, operated, advised or introduced by the registrant and all other activities of its partners officers, employees and agents relating to its business as a Commission registrant. By the conduct described in the Complaint, MBF violated Regulation 166.3 (2012).

## IV. PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

26. Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, as amended, 7 U.S.C. § 13a-1, Defendant MBF Clearing Corp. is permanently restrained, enjoined and prohibited from directly or indirectly violating Section 4d(a)(2) of the Act, as amended, to be codified at 7 U.S.C. § 6d(a)(2), and Regulations 1.10(d)(1)(v), 1.20(a), 1.25(c)(5)(i), 1.26(a), 1.49(e)(1), 30.7(c)(2), and 166.3, 17 C.F.R. §§ 1.10(d)(1)(v), 1.20(a), 1.25(c)(5)(i), 1.26(a), 1.49(e)(1), 30.7(c)(2), and 166.3 (2012).

## V. CIVIL MONETARY PENALTY

27. MBF shall pay a civil monetary penalty in the amount of six hundred fifty thousand dollars ($650,000) (the "CMP Obligation") within ten (10) days of the date of the entry of this Consent Order. If the CMP Obligation is not paid in full within ten (10) days of the date of entry of this Consent Order, then post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961 (2006).

28. MBF shall pay its CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

Commodity Futures Trading Commission
Division of Enforcement
ATTN: Accounts Receivables – AMZ 340
E-mail Box: 9-AMC-AMZ-AR-CFTC
DOT/FAA/MMAC
6500 S. MacArthur Blvd.
Oklahoma City, OK 73169
Telephone: (405) 954-5644

If payment by electronic funds transfer is chosen, MBF shall contact Linda Zurhorst or her successor at the address above to receive payment instructions and shall fully comply with those instructions. MBF shall accompany payment of the CMP Obligation with a cover letter that identifies MBF and the name and docket number of this proceeding. MBF shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581 and to Rosemary Hollinger, Regional Counsel, Commodity Futures Trading Commission, 525 W. Monroe Street, Suite 1100, Chicago, IL 60661.

29. Partial Satisfaction: Any acceptance by the Commission of partial payment of MBF's CMP Obligation shall not be deemed a waiver of Defendant's obligation to make further payments pursuant to this Consent Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

## VI. MISCELLANEOUS PROVISIONS

30. MBF shall cooperate fully and expeditiously with the Commission, including the Commission's Division of Enforcement, and any other governmental agency in this action, and in any investigation, civil litigation, or administrative matter related to the subject matter of this action or any current or future Commission investigation related thereto.

31. MBF has filed an application with the National Futures Association ("NFA") to register as an Introducing Broker ("IB"). The Commission will not object to MBF's request to

register as an IB based on the allegations of the Complaint, the Conclusions of Law in this Consent Order, or any investigation of MBF opened or closed prior to the date hereof.

32. Notice: All notices required to be given by any provision in this Consent Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

Regional Counsel, Division of Enforcement
U.S. Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661

Notice to Defendant MBF Clearing Corp.:

Melvin Brosterman
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

All such notices to the Commission shall reference the name and docket number of this action.

33. Change of Address/Phone: Until such time as MBF satisfies in full its CMP Obligation as set forth in this Consent Order, MBF shall provide written notice to the Commission by certified mail of any change to its telephone number and mailing address within ten (10) calendar days of the change.

34. Entire Agreement and Amendments: This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

35. Invalidation: If any provision of this Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Consent Order and the

application of the provision to any other person or circumstance shall not be affected by the holding.

36. Waiver: The failure of any party to this Consent Order at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

37. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action to ensure compliance with this Consent Order and for all other purposes related to this action, including any motion by MBF to modify or for relief from the terms of this Consent Order.

38. Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Consent Order shall be binding upon MBF and its successors, upon any person under their authority or control, and upon any person who receives actual notice of this Consent Order, by personal service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with MBF.

39. Authority: Mark B. Fisher hereby warrants that he is the President and Owner of MBF, and that this Consent Order has been duly authorized by MBF and that he has been duly empowered to sign and submit this Consent Order on behalf of MBF.

40. Counterparts and Facsimile Execution: This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto

and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

41. MBF understands that the terms of the Consent Order are enforceable through contempt proceedings, and that, in any such proceedings it may not challenge the validity of this Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Order for Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief.

**SO ORDERED:**

11/28/12

SHIRA A. SCHEINDLIN
U.S.D.J.

CONSENTED TO AND APPROVED BY:

MBF Clearing Corp.

________________________________
Mark B. Fisher
President, MBF Clearing Corp.

Date: 11/21/12

Approved as to form:

________________________________
Melvin A. Brosterman
Quinlan D. Murphy
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
(212) 806-5400
*mbrosterman@stroock.com*
*qmurphy@stroock.com*

Date: 11/26/12

U.S. Commodity Futures Trading Commission

________________________________
Elizabeth N. Pendleton (pro hac vice)
William P. Janulis (pro hac vice)
Rosemary Hollinger (pro hac vice)
Theodore Polley (pro hac vice)
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
Telephone: (312) 596-0700
Fax: (312) 596-0714
*ependleton@cftc.gov*
*wjanulis@cftc.gov*
*rhollinger@cftc.gov*
*tpolley@cftc.gov*

Date: ________________________

CONSENTED TO AND APPROVED BY:

MBF Clearing Corp.

_______________________________
Mark B. Fisher
President, MBF Clearing Corp.

Date: ____________________

Approved as to form:

_______________________________
Melvin A. Brosterman
Quinlan D. Murphy
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
(212) 806-5400
*mbrosterman@stroock.com*
*qmurphy@stroock.com*

Date: ____________________

U.S. Commodity Futures Trading Commission

Elizabeth N. Pendleton
_______________________________
Elizabeth N. Pendleton (pro hac vice)
William P. Janulis (pro hac vice)
Rosemary Hollinger (pro hac vice)
Theodore Polley (pro hac vice)
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
Telephone: (312) 596-0700
Fax: (312) 596-0714
*ependleton@cftc.gov*
*wjanulis@cftc.gov*
*rhollinger@cftc.gov*
*tpolley@cftc.gov*

Date: November 20, 2012